# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## Case No. 15-cv-61820-BLOOM/Valle

**GHIASS MOUHAMED ALI**,

      Plaintiff,

**v.**

**LINDA SWACINA**, U.S. CITIZENSHIP
AND IMMIGRATION SERVICES, *et al.*,

      Defendants.

_____/

## ORDER

    **THIS CAUSE** is before the Court upon Defendants' Partial Motion to Dismiss, ECF No. [9] ("Motion"), Plaintiff's Complaint, ECF No. [1] ("Complaint"). The Court has reviewed the Motion, all supporting and opposing filings, including Plaintiff's Response, ECF No. [10] ("Response"), and Defendants' Reply, ECF No. [11], as well as the record in this case. For the reasons set forth below, the Motion is **GRANTED**.

### I. Introduction

    Plaintiff Ghiass Mouhamed Ali ("Plaintiff" or "Ali"), a citizen of Syria, filed the instant action seeking *de novo* judicial review of the denial of his application for naturalization, pursuant to 8 U.S.C. § 1421(c). Compl. ¶ 1. Ali has been a lawful permanent resident of the United States since February 27, 2007, residing in Broward County, Florida. *Id.* ¶ 2. Under Section 311 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1422, *et seq.*, and its implementing regulations, Ali alleges that he has met all requirements necessary to become a naturalized citizen of the United States. Defendant Linda Swacina is an official of the United States Citizenship and Immigration Services ("USCIS"), generally charged with supervisory authority

over all operations of the USCIS' Miami District, which includes the USCIS' Oakland Park Field Office.[1]  Plaintiff sues Swacina in her official capacity.

The Complaint also names the following officials from the Department of Homeland Security ("DHS") as Defendants: (1) Emigdio Martinez, USCIS official; (2) Jeh Johnson, Secretary of DHS; and (3) Leon Rodriguez, Director of USCIS.  Additionally, the Complaint names other government officials, unrelated to DHS, as defendants in this action, including: (1) Loretta Lynch, Head of Department of Justice ("DOJ"); (2) James Comey, Director of Federal Bureau of Investigation ("FBI"); (3) John Kerry, Secretary of Department of State ("DOS"); (4) Michele Thoren Bond, Acting Assistant Secretary for Consular Affairs at DOS; (5) David Donahue, Deputy Assistant Secretary for Visa Services at DOS; and (6) John Brennan, Director of the Central Intelligence Agency ("CIA").  All of these Defendants are sued in their official capacity.

In their Motion, Defendants seek to dismiss from this action the above-listed parties that are unrelated to DHS.  Motion at 2.  Defendants do not deny that Plaintiff has brought a proper claim under 8 U.S.C. § 1421(c) against USCIS based on his allegation that USCIS improperly denied his application for naturalization.  *Id.*  Under the applicable regulations, however, Defendants argue that the only proper respondents to the petition are those officials named from USCIS.  *Id.*  Plaintiff counters that Defendants read the statutory authority and attendant regulations in an unduly restrictive manner.  Response at 2.  He further contends that the named officials from the DOJ, FBI, CIA, and DOS were "essential actors" in the denial of his application for naturalization and are, thus, necessary parties to the instant lawsuit.  *Id.* at 3.

---

[1] The USCIS Miami District is responsible for, *inter alia*, adjudicating applications for naturalization filed by applicants who reside within its jurisdiction.  Compl. ¶ 3.

Case No. 15-cv-61820-BLOOM/Valle

### II.  Background

Ali filed his application for naturalization with the USCIS on December 19, 2011. Compl. ¶ 18.  On June 4, 2012, Ali appeared for his scheduled naturalization examination at the Oakland Park Field Office of the USCIS.  *Id.* ¶ 19.  However, USCIS informed Plaintiff that, because his immigration file was not located at Oakland Park, he would be rescheduled for an examination within "2-3 weeks."  *Id.*  Between July 2012 and May 2013, Ali, through counsel, made four separate in-person inquiries regarding the status of his case, as no examination date had been set.  *Id.* ¶ 20.  On May 24, 2013, Ali, through counsel, sent a letter to the Field Office Director of the USCIS Oakland Park office stating that he would file an action in federal court if his case was not scheduled for a naturalization examination within sixty days.  *Id.* ¶ 21.  On July 19, 2013, the USCIS issued a notice scheduling Plaintiff for a naturalization examination on August 9, 2013.  *Id.* ¶ 22.  Ali appeared for his scheduled naturalization examination at the USCIS Oakland Park Field Office.  *Id.* ¶ 23.  When USCIS failed to issue a decision within 120 days of the examination date, as required by 8 U.S.C. § 1447(b), Ali, through counsel, sent another letter to the Field Office Director at USCIS' Oakland Park office, dated February 10, 2014.  This letter again stated Plaintiff's intent to bring an action in federal court if a decision in his case was not rendered promptly.  *Id.* ¶ 24.

On March 7, 2014, USCIS issued a decision denying Ali's application for naturalization. *Id.* ¶ 25.  The decision concludes that Plaintiff was not properly accorded lawful permanent resident status, because his daughter – who was born in Fairfax County, Virginia, and through whom he acquired lawful permanent resident status – did not acquire U.S. citizenship at birth or at any time after birth.  *Id.*  In particular, USCIS claims that Ali was a foreign diplomatic officer, as defined by 8 C.F.R. § 101.3(a)(2), with full diplomatic privileges and immunities as listed on

DOS' "Diplomatic List" (commonly referred to as the "Blue List") at the time of his daughter's birth. *Id.* However, as "USCIS is well aware," Ali was not physically present in the U.S. at the time of his daughter's birth, and DOS did not issue Ali a diplomatic (i.e., A-1) visa until December 19, 1984, eleven days *after* his daughter was born. *Id.* The Complaint alleges that while Ali held an A-2 visa prior to, and at the time of, his daughter's birth, he was merely an employee of Syria's diplomatic mission, without full diplomatic privileges and immunities. *Id.* Such A-2 visa holders appear on DOS' list entitled, "Employees of Diplomatic Mission Not Printed in the Diplomatic List" (commonly referred to as the "White List"). *Id.* Pursuant to 8 C.F.R. § 101.3(b)(1), U.S.-born children of such A-2 employees are deemed to be U.S. citizens. *Id.* On April 1, 2014, Ali filed his timely Form N-336, Request for a Hearing on a Decision in Naturalization Proceedings, pursuant to 8 U.S.C. § 1447(a) and 8 C.F.R. § 336.2(a). *Id.* ¶ 26. Ali attended his scheduled naturalization review hearing on October 17, 2014, at the USCIS Oakland Park office. *Id.* ¶ 27. On July 10, 2015, the USCIS' Oakland Park Office affirmed the denial of Ali's application for naturalization.[2] *Id.* ¶ 28.

According to the Complaint, prior and subsequent to being granted lawful permanent resident status, Ali cooperated with and assisted the CIA with various subjects concerning the Middle East and the FBI in its work relating to the FBI's Anti-Terrorism Task Force. *Id.* ¶¶ 8, 12. In fact, an FBI agent accompanied Plaintiff to the USCIS several times prior to him being granted lawful permanent resident status. *Id.* The FBI agent also attended his permanent residence interview and coordinated with the USCIS to "ensure" the approval of Ali's

---

[2] The parties do not dispute that Ali has exhausted all administrative remedies. This July 10th determination constituted a final administrative denial of the naturalization application. *See id.* ¶ 16; 8 C.F.R. § 336.9(b) ("[A]n applicant shall file a petition for review in the United States District Court . . . within a period of not more than 120 days after the Service's final determination.").

application for lawful permanent resident status.  *Id.*  The CIA coordinated with the FBI in this processing of Ali's application for lawful permanent resident status.  *Id.*

Ali seeks *de novo* judicial review of the USCIS denial of his application for naturalization, challenging the decision on both legal and factual grounds.[3]  *Id.* ¶¶ 29-30; *see* 8 U.S.C. § 1421(c) ("A person whose application for naturalization under this title is denied, after a hearing before an immigration officer under section 336(a), may seek review of such denial before the United States district court for the district in which such person resides in accordance with chapter 7 of title 5, United States Code.  Such review shall be *de novo*, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application."); *see also* 8 C.F.R. § 310.5(b) ("After an application for naturalization is denied following a hearing before a Service officer pursuant to Section 336(a) of the Act, the applicant may seek judicial review of the decision pursuant to section 310 of the Act."); 8 C.F.R. § 336.9(b) ("[A]n applicant shall file a petition for review in the United States District Court . . . within a period of not more than 120 days after the Service's final determination.").[4]  Ali alleges that  "with the mere stroke of a pen, . . . USCIS decided that [] Ali has been living a life of illusion as a lawful permanent resident and denied him

---

[3] The Complaint alleges that the evidence in the record establishes that Plaintiff meets all requirements for naturalization under 8 U.S.C. § 1427.  *Id.* ¶ 30.  As is required, Ali was a lawful permanent resident of the U.S. for at least five years prior to the filing of his N-400 application.  *Id.*; *see* 8 U.S.C. § 1427.  He has resided continuously in the U.S. for at least five years prior to filing his application, has been physically present in the U.S. in excess of two and a half years in aggregate during the five years prior to filing his application, and has resided within the jurisdiction of the USCIS' Miami District in excess of three months prior to filing his application.  Compl. ¶ 30.  Ali, thus, has not broken the continuity of his residence, as necessitated by 8 U.S.C. § 1427(b).  *See id.*  Further, he has been a person of good moral character during all relevant periods.  *See id.*; 8 U.S.C. § 1427(a)(3).  Despite Ali's repeated requests that the USCIS provide him with any documentary evidence relied upon by the USCIS to deny his application for naturalization, the USCIS has refused to do so.  *Id.* ¶ 31.

[4] Ali also seeks an award of costs, attorney's fees, and expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in this action.  *Id.* ¶ 17.

naturalization, to wit, one of the most important and cherished benefits that our government may grant." *Id.* ¶ 31.

### III. Discussion

Relying on the language of 8 U.S.C. § 1421(c), Defendants argue that none of the officials from DOJ, DOS, FBI, and CIA is able to provide Petitioner with the relief that he ultimately seeks – naturalization. *See* Reply at 2. For this reason, Defendants argue, these officials, Lynch, Comey, Kerry, Bond, Donahue, and Brennan, should be dismissed from the instant action. Plaintiff responds that, pursuant to Federal Rule of Civil Procedure 19, these officials are necessary parties due to their significant involvement in the processing, adjudication, and approval of his Lawful Permanent Resident status and naturalization application. Response at 2.[5] Rule 19, governing joinder of necessary parties, states as follows:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19.

Section 1421(a) states that "the *sole* authority to naturalize persons as citizens of the United States is conferred upon the Attorney General." 8 U.S.C. § 1421(a) (emphasis added). This statutory reference to the Attorney General, however, is "a legal artifact." *Awe v. Napolitano*, 494 Fed. App'x 860, 862 n.3 (10th Cir. 2012). "In 2002, Congress transferred

---

[5] Ali alleges that once he "decided that he no longer wished to cooperate with the FBI and CIA because he felt he would be putting his life in jeopardy, the FBI liaison informed Ali that he would not get his citizenship by making his immigration file disappear." *Id.* at 4. Additionally, it was DOS that informed the USCIS that Ali was on the DOS' Blue List at the time of his daughter's birth. *Id.*

authority (1) to commence removal proceedings and (2) to adjudicate applications for

naturalization from the Attorney General to the Secretary of the Department of Homeland

Security." *Ajlani v. Chertoff*, 545 F.3d 229, 231 n.2 (2d Cir. 2008).  That transfer took effect on

March 1, 2003.  *See Batalova v. Ashcroft*, 355 F.3d 1246, 1248 n.1 (10th Cir. 2004).

Consequently, the term "Attorney General" in Section 1421 now refers to the "Secretary of

Homeland Security."  *See* 6 U.S.C. § 557 ("With respect to any function transferred by or under

this chapter [principally enacted by the Homeland Security Act of 2002] . . . and exercised on or

after the effective date of this chapter, reference in any other Federal law to any department,

commission, or agency or any officer or office the functions of which are so transferred shall be

deemed to refer to the Secretary [of Homeland Security], other official, or component of [of

DHS] to which such function is so transferred.").  The implementing regulations for Section

1421(c) are consistent with this reading of the statute.  *See* 8 C.F.R. § 336.9(b) ("The petition for

review *must be brought against USCIS*, and service of the petition for review must be made upon

DHS and upon the USCIS office where the hearing was held pursuant to 8 CFR § 336.2.)"

(emphasis added); *see also* Compl. ¶ 13.

     The Court must follow the clear statutory language in allowing this case to proceed

against only those officials with the authority to naturalize persons as citizens – the named

officials from DHS.  *See* 8 U.S.C. § 1421(a).  Even considering the applicability of Rule 19

under these circumstances, the plain text of the Rule further supports dismissal of the DOJ, DOS,

FBI, and CIA officials named here.  The Court will be able to "accord complete relief" to Ali,

should it find him eligible to naturalize, without these named parties.  Fed. R. Civ. P. 19(a).

Further, the DOJ, DOS, FBI, and CIA have no legal interest in this case.  *See* Fed. R. Civ. P.

19(b).  Therefore, dismissal of the non-USCIS Defendants in this action will not prejudice

Plaintiff's meaningful opportunity for review of the USCIS denial, as he claims.  *See* Response at 3.  And, because Section 1421(c) actions are conducted as ordinary civil trials in district court, even if the officials listed from DOJ, DOS, FBI, and CIA are not parties to the instant suit, they would be obligated to respond to any requests from Ali during the discovery period regarding his diplomatic immunity status at the time of his daughter's birth or any other relevant allegation in the Complaint.  *See* Fed. R. Evid. 401(a); *United States v. Hovsepian*, 359 F.3d 1144, 1162 (9th Cir. 2004).  For all of these reasons, the proper Defendants in the instant litigation are exclusively Swacina, Martinez, Johnson, and Rodriguez.  *See, e.g.*, *Lezzar v. Heathman*, 2012 WL 4867696, at *10 (S.D. Tex. 2012) (citing *Napolitano*, 494 Fed. App'x at 862; 6 U.S.C. § 557) ("Regarding proper defendants to this suit under 8 U.S.C. § 1421(c), following the 2002 transfer of authority to adjudicate applications for naturalization from the Attorney General of the United States to the Secretary of Homeland Security, the Secretary of Homeland Security, and thus officials of USCIS in their official capacity, are the proper defendants.").

### IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendants' Partial Motion to Dismiss, **ECF No. [9]**, is **GRANTED**.  The Clerk is directed to **TERMINATE** the following parties from the instant action (written as docketed): (1) Defendant Loretta Lynch, Attorney General of the United States; (2) Defendant James Comey, Director, Federal Bureau of Investigation; (3) Defendant John Kerry, U.S. Secretary of State; (4) Defendant Michele Thoren Bond, Acting Asst. Secretary for Consular Affairs, U.S. Dept. of State; (5) Defendant David Donahue, Deputy Asst. Secretary for Visa Services, U.S. Dept. of State; and (6) Defendant John Brennan, Director, Central Intelligence Agency.

Case No. 15-cv-61820-BLOOM/Valle

**DONE AND ORDERED** in Miami, Florida, this 11th day of December, 2015.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:      counsel of record

9